UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JESSIE WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 07 C 4672 |
| ) | |
| FEDERAL DEPOSIT INSURANCE CORP., ) | Judge Rebecca R. Pallmeyer |
| JERRY FLEMING, and ) | |
| FAMILY BANK AND TRUST COMPANY ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Jesse Williams claims that Defendant Family Bank denied his request for a commercial loan because a federal agent instructed Family Bank to refuse the request–an instruction that Williams claims was motivated by his race, African-American. In earlier rulings, the court dismissed Plaintiff's claims against the United States on sovereign immunity grounds, dismissed his constitutional claims against Family Bank because Family Bank is not a state actor, and relinquished jurisdiction over his remaining state law claims. Plaintiff has now filed a Second Amended Complaint, again naming as Defendants Family Bank, the United States of America (substituted as a mater of law for the Federal Deposit Insurance Corporation ("FDIC")), and Jerry Fleming, in his official capacity as an Associate Examiner with the FDIC. All three counts of the complaint again allege discriminatory lending practices. Count I alleges that Family Bank violated Plaintiff's due process rights under the U.S. Constitution; Count II alleges that Family Bank and the United States violated Plaintiff's rights under the Illinois Human Rights Act; and Count III asserts a *Bivens* claim against Jerry Fleming for violations of Plainitff's due process rights. *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971). Fleming's Motion to Dismiss Based on the FTCA Judgment Bar is currently before the court.

**DISCUSSION**

Federal statutory and constitutional law offer two avenues to recovery for wrongful acts by employees of the federal government: the claimant may sue the individual employee for a constitutional violation under *Bivens,* and he may sue the United States under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680, which incorporates the substantive law where the alleged violation occurred. If the claimant chooses to sue under the FTCA, however, judgment on that claim bars any suit against the individual employee arising out of the same subject matter pursuant to Section 2676 of the Act.[1] 28 U.S.C. § 2676; *Hoosier v. Bancorp*, 90 F.3d 180 (7th Cir. 1996). In his original complaint, Plaintiff Williams expressly invoked the Federal Tort Claims Act. The government moved to dismiss that claim, arguing that the FTCA's waiver of sovereign immunity does not extend to intentional torts; specifically, the FTCA excludes jurisdiction over "[a]ny claim arising out of . . . abuse of process, libel, slander, . . . or interference with contract rights." 28 U.S.C. § 2680(h). In a ruling on July 10, 2008, the court granted that motion. Defendant Fleming now argues that the the court's July 10, 2008 dismissal order constituted a judgment on Plaintiff's FTCA claim, and consequently, Plaintiff's *Bivens* claim against Fleming is barred under Section 2676.

Plaintiff asks the court to deny the motion and permit his case against Fleming to proceed. He notes, first, that his Illinois Human Rights Act claim is unaffected by the dismissal of his FTCA claim. Second, Plaintiff contends that the court's dismissal of his FTCA claim against the government is not a "judgment" within the meaning of Section 2676 and therefore does not trigger the FTCA "judgment bar." The court addresses each of these arguments in turn.

---

[1] Section 2676 reads in its entirety:

The judgment in an action under section 1346(b) of this title shall constitute a complete bar to any action by the claimant, by reason of the same subject matter, against the employee of the government whose act or omission gave rise to the claim. 28 U.S.C. § 2676

2

**I.     Plaintiff's FTCA Claim Was Dismissed With Prejudice**

Plaintiff first suggests that his only claim against the United States was a state law claim under the Illinois Human Rights Act.  Because that claim was dismissed without prejudice, Plaintiff reasons, the dismissal order did not constitute a judgment on the merits and therefore does not trigger the FTCA's judgment bar.  Precisely how Plaintiff reaches this conclusion is a bit obscure. A violation of the Illinois Human Rights Act is a statutory violation, not a tort; nevertheless, perhaps because the United States has not waived sovereign immunity for a claim based on a state statute, Plaintiff himself originally characterized this claim as a tort claim: he exhausted his administrative remedies below, as required by the FTCA, and invoked this court's jurisdiction by citing the FTCA in his Second Amended Complaint.  28 U.S.C. § 2675. (*See* Pl. 2d Am. Compl. ¶ 3, Hearing Transcript, Ex. B. to Pl. Resp.)   The FTCA permits a private plaintiff to sue the United States in federal court for torts by federal employees.  28 U.S.C. § 2680(h); *see, e.g.*, *Harris v. United States*, 422 F.3d 322, 326 (6th Cir. 2005) ("Under the FTCA, the United States is generally liable for the acts of its employees 'in the same manner and to the same extent as a private individual under like circumstances,' 28 U.S.C. § 2674, which means that it is liable for the payment of money damages according to the law of the place where the act or omission occurred, typically state law . . . .") Plaintiff here invokes the limited exception to federal sovereign immunity carved out by FTCA and appears to concede that he could not have brought this claim against the United States in federal court *except* under the FTCA.  This court's dismissal of Plaintiff's claim against the United States was necessarily a dismissal of an FTCA claim.

**II.    Dismissal of an FTCA Claim for Lack of Subject Matter Jurisdiction Constitutes a "Judgment" Within the Meaning of Section 2767**

During the hearing on the United States' Motion to Dismiss the Second Amended Complaint, the court concluded that Plaintiff's FTCA claim fell within the intentional tort exception to the FTCA, 28 U.S.C. § 2680(h), and dismissed the claim on that basis.  Specifically, the court stated: "To the

extent that what happened in this case was a statement, a negative or pejorative statement, that appears to be excluded from coverage under the Federal Tort Claims Act['s] limited waiver of sovereign immunity." (Hearing Transcript, Ex. B to Pl. Resp.) Plaintiff argues that the dismissal of an FTCA claim for lack of subject matter jurisdiction, however, does not constitute a "judgment" under Section 2676 that would bar a *Bivens* action against Fleming. In support, Plaintiff cites authority from the Second and Ninth Circuits holding that a dismissal based on an exception to the FTCA's waiver of sovereign immunity does not constitute a "judgment" for purposes of Section 2676. *See Pesnell v. Arsenault*, 543 F.3d 1038 (9th Cir. 2008) (Section 2676 did not bar constitutional claims dismissed for lack of jurisdiction under the FTCA); *Hallock v. Bonner*, 386 F.3d 147, 155 (2d Cir. 2004), *vacated on other grounds by Will v. Hallock*, 546 U.S. 345 (2006) ("As we see it, an action brought under the FTCA and dismissed for lack of subject matter jurisdiction because it falls within an exception to the restricted waiver of sovereign immunity provided by the FTCA does not result in a 'judgment in an action under section 1346(b) [the Federal Tort Claims Act].'")

Unfortunately for Plaintiff, the Seventh Circuit does not share the view of its sister circuits on this issue. In *Hoosier Bancorp of Indiana, Inc. v. Ramussen*, the court held that "*any* FTCA judgment, regardless of its outcome, bars a subsequent *Bivens* action on the same conduct that was at issue in the prior judgment." 90 F.3d 180, 184-85 (7th Cir. 1996); *cf. Farmer v. Perrill*, 275 F.3d 958 (10th Cir. 2001) (holding that dismissal of FTCA action for failure to prosecute triggered the Section 2676 judgment bar with respect to plaintiffs' *Bivens* suit.) . After examining the plain language of Section 2676 and its legislative history, the court concluded Congress had intended that the statute would prevent both multiple recoveries and multiple lawsuits. *Id.* The lower court in *Hoosier* had dismissed plaintiff's FTCA claim for lack of subject matter jurisdiction based on the "discretionary function" exception to the Act's waiver of sovereign immunity. *See Hoosier Bancorp v. United States*, No. IP94-1265-C-D/F (S.D. Ind. Feb. 17, 1995), Ex. A to Def. Reply. While the

4

Seventh Circuit did not discuss the district court's specific basis for dismissal, it nonetheless recognized that court's holding as an "FTCA judgment" under Section 2676. *Hoosier* satisties this court that dismissal of Plaintiff's FTCA claims for lack of subject matter jurisdiction constitutes a "judgment" under Section 2676 and therefore bars his *Bivens* claim against Fleming.

## **CONCLUSION**

Plaintiff Williams believes that Family Bank discriminated aganst him on the basis of his race in refusing to extend credit. Federal law prohibits such discrimination: The Equal Credit Opportunity Act provides a private right of action against a creditor that discriminates on the basis of race against any applicant for credit. See 15 U.S.C. § 1691(a). Yet rather than bring such an action against Family Bank, or pursuing related state law claims against Family Bank, Williams has chosen to proceed here against the United States, on the theory that in its credit decisions, Family Bank was following instructions from federal agent Jerry Fleming. The court has dismissed Plaintiff's FTCA claim, however, and any claim for recovery under the *Bivens* doctrine is barred by the dismissal of the FTCA claim. For the reasons discussed above, Defendant Fleming's Motion to Dismiss [Doc. 54] is GRANTED.

ENTER:

Dated: April 30, 2009

_____
REBECCA R. PALLMEYER
United States District Judge